IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br>    Plaintiff, </br></br>  v. </br></br> HAROLD K. SOLOMON, individually, </br> d/b/a/ Solomon Service, </br></br>    Defendant. | Civil No. |

**COMPLAINT FOR PERMANENT INJUNCTION**

  This is a civil action brought by the United States to permanently enjoin defendant Harold K. Solomon, individually and d/b/a Solomon Service, from preparing federal income tax returns, amended federal income tax returns and other related documents and forms for others; filing federal income tax returns for others, representing customers before the Internal Revenue Service ("IRS"), advising, assisting, counseling, or instructing anyone about the preparation of a federal tax return; engaging in any activity subject to penalty under 26 U.S.C. § § 6694, 6695, or 6701; promoting tax-fraud schemes or other plans or arrangements that advise or encourage taxpayers to attempt to evade the assessment or collection of federal income taxes; or engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

**Jurisdiction**

1. This action has been requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General, pursuant to 26 U.S.C. §§ 7402(a), 7407 and 7408.

2. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a), 7407, and 7408.

3. Mr. Solomon resides in and operates a business, Solomon Service, in Detroit, Michigan, within the jurisdiction of this Court.

**Facts Common to All Counts**

4. Mr. Solomon prepares or assists in the preparation of federal income tax returns for other people for compensation.

5. Mr. Solomon operates a business that provides tax return-preparation services under the name Solomon Service.

6. IRS records indicate that 1,976 federal income tax returns for the filing seasons 2005 through 2007 were prepared using an electronic filing identification number ("EFIN") obtained by Mr. Solomon from the IRS. The IRS has determined that as of September 30, 2007, 1,317 federal income tax returns were prepared under the employee identification number ("EIN") for Solomon Service or Mr. Solomon's social security number. These returns had a 99% refund rate and approximately 88% of these returns reported the Earned Income Tax Credit ("EITC") for the taxpayer. During the 2007 processing year, more of Mr. Solomon's returns were rejected during the e-file process than were accepted.

7. Many of the returns that Mr. Solomon prepared for customers contained false Schedule C business activities that were created to provide a source of earned income for the customer that result in nearly the maximum amount of EITC allowed each year. In addition, many of these returns claim dependants that do not meet the criteria for determining if a dependant can be claimed on a federal income tax return. Other returns prepared by Mr. Solomon contain false Schedule C expenses and/or Schedule A itemized deductions to decrease the customer's taxable income.

8. Mr. Solomon's actions cause harm to the United States and to the public.

9. The IRS has issued erroneous refunds based on fraudulent returns prepared by Mr. Solomon and has then had to audit Mr. Solomon's customers and take collection action to attempt to recoup the money.

10. The IRS has spent considerable time and resources auditing returns prepared by Mr. Solomon and collecting the taxes owed and erroneous refunds paid.

11. Mr. Solomon has also harmed his customers because they pay him to prepare these returns, and, after the fraud is detected, are responsible for paying all taxes, interest, and penalties.

## Count I:
### Injunction under 26 U.S.C. § 7408 for Violation of 26 U.S.C. § 6701

12. The United States incorporates by reference the allegations in paragraphs 1 through 11.

13. A court is authorized to issue an injunction if an income tax preparer engages in conduct subject to penalty under 26 U.S.C. § 6701, pursuant to 26 U.S.C. § 7408.

14. Section 6701 penalizes any person (1) who aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim or other document; (2) who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws; and (3) who knows that such portion (if so used) would result in an understatement of the liability for tax of another person.

15. Mr. Solomon prepares or assists in the preparation of federal income tax returns for his customers.

16. Mr. Solomon knows or has reason to believe that these income tax returns will be filed with the IRS and thus will be used in connection with a material matter arising under the internal revenue laws.

17. Mr. Solomon knows that the federal tax returns he prepares will result in understatements of other persons' tax liabilities.

18. If Mr. Solomon is not enjoined, he is likely to continue to engage in conduct which violates § 6701.

**Count II:
Injunction under 26 U.S.C. § 7407 for Violation of 26 U.S.C. §§ 6694 and 6695**

19. The United States incorporates by reference the allegations in paragraphs 1 through 18.

20. A court is authorized to issue an injunction if an income tax return preparer engages in conduct subject to penalty under 26 U.S.C. § 6694 or § 6695, pursuant to 26 U.S.C. § 7407.

21. Section 6694(a) penalizes a tax return preparer if (1) the preparer prepares a return or claim for refund that includes an understatement of liability due to a position for which there is

not a realistic possibility of being sustained on the merits; (2) the preparer knew (or reasonably should have known) of such position; and (3) the position was not disclosed in accordance with § 6662(d)(2)(B)(ii) or was frivolous.

22. Section 6694(b) penalizes a tax return preparer who prepares a return or claim with an understatement of liability (1) in a willful attempt to understate the liability or (2) with a reckless and intentional disregard of rules or regulations.

23. Mr. Solomon's conduct as described above is subject to penalty under §§ 6694(a) and 6694(b).

24. Mr. Solomon has prepared income tax returns that include understatements of his customers' liability which had no realistic possibility of being sustained on the merits; Mr. Solomon knew or reasonably should have known about these understatements; Mr. Solomon did not disclose them in accordance with 26 U.S.C. § 6662(d)(2)(B)(ii); and such understatements are frivolous.  Mr. Solomon has thus engaged in conduct subject to penalty under § 6694(a).

25. Mr. Solomon prepares returns for customers with false entries in a willful attempt to understate the customers' liability or with a reckless and intentional disregard of rules and regulations.  Mr. Solomon has thus engaged in conduct subject to penalty under § 6694(b).

26. Mr. Solomon has continually and repeatedly engaged in conduct that violates § 6694. An injunction merely prohibiting Mr. Solomon from engaging in conduct subject to penalty under § 6694 would not be sufficient to prevent his interference with the proper administration of the tax laws.  Accordingly, Mr. Solomon should be permanently enjoined from acting as an income tax return preparer.

**Count IV:**
**Injunction under I.R.C. § 7402(a) for Unlawful Interference**
**with Enforcement of the Internal Revenue Laws**
**and Appropriateness of Injunctive Relief**

27. The United States incorporates by reference the allegations in paragraphs 1 through 26.

28. A court is authorized to issue orders of injunction as may be necessary or appropriate to enforce the internal revenue laws, pursuant to 26 U.S.C. § 7402(a).

29. Section § 7402(a) expressly provides that its injunction remedy is "in addition to and not exclusive of" other remedies for enforcing the internal revenue laws.

30. Mr. Solomon through the actions described above, has engaged in conduct that interferes substantially with the enforcement of the internal revenue laws.

31. Mr. Solomon's conduct causes irreparable harm to the United States and to his customers.

32. Mr. Solomon is causing and will continue to cause substantial revenue losses to the United States Treasury, much of which may be unrecoverable.

33. If Mr. Solomon is not enjoined, he is likely to continue to engage in conduct that interferes with the enforcement of the internal revenue laws.

34. The United States will suffer irreparable injury if Mr. Solomon is not enjoined. This outweighs the harm to Mr. Solomon from being enjoined from return-preparation and violating tax laws.

35. The public interest would be advanced by enjoining Mr. Solomon because an injunction will stop his illegal conduct and the harm that conduct is causing to the United States Treasury.

WHEREFORE, the United States of America, prays for the following:

A. That the Court find that Mr. Solomon has engaged in conduct subject to penalty under 26 U.S.C. § 6701, and that injunctive relief under 26 U.S.C. § 7408 is appropriate to prevent a recurrence of that conduct;

B. That the Court find that Mr. Solomon has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. § 6694, and that, pursuant to 26 U.S.C. § 7407, an injunction prohibiting such conduct would not be sufficient to prevent Mr. Solomon's interference with the proper administration of the tax laws and that Mr. Solomon should be enjoined from acting as an income tax return preparer;

C. That the Court find that Mr. Solomon is interfering with the enforcement of the internal revenue laws and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant to 26 U.S.C. § 7402(a) and the Court's inherent equity powers;

D. That this Court, pursuant to 26 U.S.C. § 7408, enter a permanent injunction prohibiting Mr. Solomon, individually and doing business as Solomon Service or under any other name or using any other entity, and his representatives, agents, servants, employees, attorneys, and those persons in active concert or participation with him, from directly or indirectly:

   1. Engaging in activity subject to penalty under 26 U.S.C. § 6701, including aiding or assisting in, procuring, or advising with respect to, the preparation or presentation of any portion of a return, affidavit, claim or other document; knowing (or having reason to believe) that such portion will be used in connection

    with any material matter arising under the internal revenue laws; and knowing that such portion (if so used) would result in an understatement of the liability for tax of another person; and

  2. Engaging in any other activity subject to penalty under 26 U.S.C. § 6701 or any other provisions of the Internal Revenue Code.

 E.  That this Court, pursuant to 26 U.S.C. § 7407, enter a permanent injunction prohibiting Mr. Solomon, individually and doing business as Solomon Service or under any other name or using any other entity, and his representatives, agents, servants, employees, attorneys, and all persons in active concert or participation with him, from directly or indirectly acting as a federal income tax return preparer;

 F.  That this Court, pursuant to 26 U.S.C. § 7402(a), enter a permanent injunction prohibiting Mr. Solomon, individually and doing business as Solomon Service or under any other name or using any other entity, and his representatives, agents, servants, employees, attorneys, and those persons in active concert or participation with him, from directly or indirectly:

  1. Preparing or assisting in the preparation of any federal tax return for anyone other than himself;

  2. Advising, counseling, or instructing anyone about the preparation of a federal tax return;

  3. Filing or assisting in the filing of a federal income tax return for anyone other than himself;

  4. Owning, managing, controlling, working for, or volunteering for a tax-return-preparation business;

  5. Representing customers in connection with any matter before the IRS; and

  6. Engaging in other similar conduct that substantially interferes with the administration and enforcement of the internal revenue laws.

G.  That this Court, pursuant to 26 U.S.C. § 7402(a), require Mr. Solomon at his own expense to contact by mail all customers for whom he has prepared federal tax returns or assisted in preparing tax returns, and send them a copy of this Complaint and the permanent injunction order, and to certify to the Court within eleven days of entry of the permanent injunction that he has complied with this provision;

H.  That this Court require Mr. Solomon to provide the United States with a list of everyone for whom he has prepared (or helped to prepare) a federal tax return since January 1, 2005 and set forth on said list all of the names, addresses, e-mail addresses, telephone numbers, and social security numbers of the customers.

I.  That this Court permit the United States to conduct post-judgment discovery to ensure Mr. Solomon's compliance with the permanent injunction; and

J.  That this Court grant the United States such other relief, including costs, as is just and equitable.

Respectfully submitted,

TERRENCE BERG
United States Attorney

*/s/ Lisa L. Bellamy*

LISA L. BELLAMY
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044-0055
Telephone:  (202) 307-6416
Facsimile:  (202) 514-5238
E-Mail: lisa.l.bellamy@usdoj.gov